IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-621-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VARIOUS AMOUNTS OF U.S. CURRENCY )<br>TOTALING $2,645.00 SEIZED FROM )<br>BLOOMERY ROAD CONVENIENT MART, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

This matter is before the Court on plaintiff's motion for entry of default and for default judgment, which are ripe for adjudication. For the reasons stated herein, both motions are granted.

## BACKGROUND

The government initiated this action by filing a Complaint for Forfeiture in Rem in this Court on October 14, 2014, alleging that the defendant, currency totaling $2,645.00 seized from various locations within Bloomery Road Convenient Mart in Bailey, North Carolina, constituted or was derived from proceeds traceable to violations of 18 U.S.C. §§ 371 and 1955. In accordance with Supplemental Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), the Clerk of Court issued a Warrant of Arrest and Notice *In Rem* on October 20, 2014. Beginning on January 22, 2015, a Notice of Civil Forfeiture was posted on an official government internet site,

www.forfeiture.gov, for at least 30 consecutive days, and a proof of publication was filed with this Court on June 16, 2015.

On January 26, 2015, the Government completed service on the defendant while in the custody of the United States Marshal Service. Potential claimant Patsy Sellers Bissette was served with the complaint and warrant for arrest *in rem* on January 30, 2015 via certified mail. Counsel for potential claimant RGB, Inc., was served via certified mail on approximately April 1, 2015. No claim or answer was filed, and plaintiff has now moved for entry of default and entry of default judgment.

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure authorizes entry of default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In civil forfeiture actions in rem, a clamant must file a claim within 35 days after direct notice. Supplemental Rule G(4)(b). Within 21 days of filing the claim, a claimant must serve and file an answer to the complaint or a motion under Rule 12. Supplemental Rule G(5)(b). Because no claim or answer to the complaint has been filed, entry of default is proper under Rule 55(a), thus plaintiff's motion for entry of default is granted.

Upon entry of default, the facts alleged by plaintiff in its complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, the Court decides whether those admitted facts actually support the claim alleged and the relief sought when determining whether to enter default judgment. *Id.* Federal Rule of Civil Procedure 55(b) provides for the court's entry of default judgment against defendants who have failed to plead or defend their case. In the civil forfeiture context, default judgment is permitted where no potential claimant has filed a response to the complaint. *See United States v. $3,500.00 in U.S. Currency*,

2

No. 5:07-CV-312-F, 2008 WL 215807, at *1 (E.D.N.C. Jan. 24, 2008); *United States v. 47 W. Oakview Rd.*, No. 1:10-CV-88, 2011 WL 304972, at *1 (W.D.N.C. Jan. 28, 2011).

Civil forfeiture complaints must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). At trial, the government must prove by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c). Thus, "the government must state sufficient facts to support a reasonable belief that it will be able to prove forfeitability by a preponderance of the evidence." *U.S. v. All Assets Listed*, Civil No. 1:14–cv–969, 2015 WL 1401747, *2 (E.D.Va. Mar. 25, 2015). The facts alleged in the complaint and search warrant application referenced therein demonstrate that the defendant currency was the proceeds of an illegal gambling business operated in violation of 18 U.S.C §§ 371, 1955. As discussed *supra*, when granting plaintiff's motion for entry of default, no potential claimant has filed an answer to the complaint. Accordingly, the government has stated sufficient facts to support a reasonable belief that it would be able to prove that the currency was forfeitable. The Court finds it proper to grant plaintiff's motion and enter default judgment against defendant in this case.

It is hereby ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff's motion for default [DE 8] is granted;
2. Plaintiff's motion for default judgment [DE 9] is granted and default judgment is entered against the defendants;
3. All persons claiming any right, title, or interest in or to said defendants are held in default;
4. Defendants are forfeited to the United States of America;

3

5. The United States Department of Justice is hereby directed to dispose of the defendants according to law.

Plaintiff's motion having been granted, the Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 24 day of September, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE